Mary Jo O'Neill, AZ Bar #005924
Sally C. Shanley, AZ Bar #012251
Christopher R. Houk, AZ Bar #020843
Equal Employment Opportunity
Commission, Phoenix District Office
3300 N. Central Ave., Suite 690
Telephone: (602) 640-5049
Fax: (602) 640-5009
Email: mary.oneill@eeoc.gov
       sally.shanley@eeoc.gov
       christopher.houk@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Evening Entertainment Group, LLC dba Sandbar Mexican Grill,<br><br>　　　　Defendant. | **COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Keli Kozup who was adversely affected by such practices during her employment by Evening Entertainment Group, LLC dba Sandbar Mexican Grill ("Sandbar"). The Equal Employment Opportunity Commission alleges that Sandbar removed Ms. Kozup from lucrative Sunday shifts because of her sex, female, and pregnancy, causing her damage and monetary loss.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times Defendant Evening Entertainment Group, LLC dba Sandbar Mexican Grill, an Arizona corporation, has continuously been doing business in the State of Arizona, including in Peoria, Arizona, and has continuously had at least fifteen employees.

5. At all relevant times Defendant Sandbar has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Keli Kozup filed a charge with the Commission alleging violations of Title VII by Defendant Sandbar Mexican Restaurants, Inc. ("Sandbar"). All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2008, Defendant Sandbar has engaged in unlawful employment practices at its Peoria facility in violation of Section 703(a) of Title VII, 42 U.S.C. 2000e-2(a). These unlawful employment practices include removing Keli Kozup from the Sunday schedule because of sex, female, and her pregnancy, which caused a decrease in Ms. Kozup's pay. The facts supporting this claim include, but are not limited to:

   a. Ms. Kozup was employed by Sandbar as a bartender and server and was satisfactorily performing her job duties during all relevant times.
   b. Ms. Kozup became pregnant in approximately February 2008.
   c. In October 2008 Sandbar's management instituted a policy of removing pregnant women from the Sunday schedule.
   d. Sandbar's management instituted the policy of removing pregnant women from the Sunday schedule because of a perception that customers did not want to see pregnant women while watching football.
   e. Sunday shifts during football season were the most or one of the most lucrative shifts of the week.
   f. Ms. Kozup was removed from the Sunday schedule because she was pregnant and Defendant did not give Ms. Kozup another shift in its place.
   g. Removing Ms. Kozup from the Sunday schedule caused Ms. Kozup's pay to significantly decrease because she worked less hours and worked during less lucrative shifts.

8. The effect of the practices complained of in Paragraph 7 above has been to deprive Ms. Kozup of equal employment opportunities and otherwise adversely affect the terms and conditions of her employment because of her sex, female, and her pregnancy.

9. The unlawful employment practices complained of in Paragraphs 7 and 8 were intentional.

10.     The unlawful employment practices complained of in Paragraphs 7 and 8 above were done with malice and/or with reckless indifference to the federally protected rights of Ms. Kozup.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Sandbar, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination of employees because of sex or pregnancy.

B.     Order Defendant Sandbar to institute and carry out policies, practices, and programs which provide equal employment opportunities for female and pregnant applicants and employees, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Sandbar to make whole Ms. Kozup by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant Sandbar to pay Ms. Kozup by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 7 - 8 above, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

E.     Order Defendant Sandbar to pay Ms. Kozup punitive damages for its malicious and/or reckless conduct described in Paragraphs 7 and 8 above, in amounts to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs of this action.

## JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this 22nd day of September, 2011.

        P. DAVID LOPEZ  
        General Counsel

        GWENDOLYN YOUNG REAMS  
        Associate General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
        131 M Street, NE 5th Floor  
        Washington, D.C. 20507-0004

        /s Mary Jo O'Neill  
        MARY JO O'NEILL  
        Regional Attorney

        /s Sally C. Shanley  
        SALLY C. SHANLEY  
        Supervisory Trial Attorney

        /s Christopher R. Houk  
        CHRISTOPHER R. HOUK  
        Trial Attorney

        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION- PHOENIX DISTRICT OFFICE  
        3300 N. Central Ave., Ste. 690  
        Phoenix, AZ 85012