**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Evening Entertainment Group LLC,<br><br>　　　　Defendant. | CV 11-01870-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiff's motion to quash and/or motion for protective order (doc. 24), defendant's response (doc. 29), and plaintiff's reply (doc. 35).

Plaintiff alleges in this Title VII action that defendant removed Keli Kozup, a bartender and server, from its Sunday shift schedule in October 2008 because she was pregnant. Plaintiff alleges that defendant instituted a policy of removing pregnant women from the Sunday work schedule because of its perception that its customers did not want to see pregnant women while watching football.

On May 3, 2012, defendant issued subpoenas to three non-party former employers of Kozup.[1] Mot. to Quash, ex. 1. Each subpoena requests production of "any and all personnel files and other records" relating to Kozup, "including but not limited to" six categories of

---

[1] The subpoenas were issued to Bobby McGee's of Arizona, Inc., Farmers Insurance Company of Arizona, and Padre Murphy's.

1    information. Id. Plaintiff moves to quash the subpoenas, arguing both that the subpoenas
2    are overly broad and that Kozup's former employment records are irrelevant.

3    We must quash or modify any subpoena that requires disclosure of protected matter
4    or places an undue burden on a person. Fed. R. Civ. P. 45(c)(3)(A). The scope of discovery
5    for non-party subpoenas is identical to that under Rule 26, Fed. R. Civ. P. Lewin v. Nackard
6    Bottling Co., CV-10-8041-PCT-FJM, 2010 WL 4607402, at *1 n.1 (D. Ariz. Nov. 4, 2010).
7    In general, defendant is entitled to discovery that is reasonably calculated to lead to
8    admissible evidence. Fed. R. Civ. P. 26(b)(1). However, we may upon motion and for good
9    cause enter a protective order limiting discovery to protect a person "from annoyance,
10   embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). We may
11   also limit discovery when it can be obtained from another source that is "more convenient,
12   less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

13   Here, although the subpoenas include a request for documents within six enumerated
14   categories, they are "not limited to" the categories. Mot. to Quash, ex. 1. Instead, the
15   subpoenas request "any and all personnel files and other records." Id. Defendant's blanket
16   requests for all personnel records from three former employers are overbroad on their face
17   and amount to a fishing expedition. See Lewin, 2010 WL 4607402, at *1 (D. Ariz. Nov. 4,
18   2010) (quashing subpoenas requesting plaintiff's complete personnel records from former
19   employers as overbroad); Maxwell v. Health Ctr. of Lake City, Inc., 3:05-CV-1056-J-
20   32MCR, 2006 WL 1627020, at *3 (M.D. Fla. June 6, 2006) (quashing subpoenas requesting
21   plaintiff's complete personnel records from former employers as overbroad). Accordingly,
22   we will grant plaintiff's motion for a protective order. Defendant may redraft subpoenas that
23   are more limited in scope. Plaintiff, however, also disputes the relevancy of the information
24   sought. We address the issue here in an effort to prevent future disputes over these matters.

25   Defendant first argues that Kozup's shift preferences and earnings at her former
26   restaurant employers are relevant to damages. But whether or not Kozup preferred to work
27   certain shifts at other restaurant jobs is not relevant to the allegations that defendant removed
28   her from certain shifts because she was pregnant. And defendant has not shown how Kozup's

1 prior earnings are relevant to damages, or why this information could not first be requested
2 from Kozup. See Graham v. Casey's Gen. Stores, 206 F.R.D. 251, 254-55 (S.D. Ind. 2002);
3 Maxwell, 2006 WL 1627020, at *3. Although there was a period of time when Kozup
4 worked for both Bobby McGee's and defendant, plaintiff notes that she had stopped working
5 at all three former employers before defendant's allegedly discriminatory conduct in October
6 2008, and before the period for which Kozup is seeking compensatory damages. Thus,
7 evidence relating to Kozup's shift preferences and past earnings is not reasonably likely to
8 lead to admissible evidence.

9 Next, defendant argues that Kozup's employment records are relevant to determine
10 causation of her emotional distress, because prior discipline, poor performance, harassment
11 or termination could be the cause of Kozup's emotional pain, rather than defendant's conduct.
12 It is possible that Kozup's distress, if caused by experiences with former employers, could
13 affect her emotional distress damages. Although we cannot tell whether there is any
14 temporal link between Kozup's employment with Farmers Insurance and Padre Murphy's to
15 suggest that her employment experiences might have caused lingering emotional distress in
16 October 2008, Kozup did not end her employment with Bobby McGee's until after she was
17 already working with defendant. Thus, at least with respect to Bobby McGee's, records
18 concerning Kozup's discipline, poor performance, harassment or termination may be
19 reasonably calculated to lead to admissible evidence, at least for the limited purpose of
20 identifying possible causes of emotional distress. See Breeze v. Royal Indem. Co., 202
21 F.R.D. 435, 436 (E.D. Pa. 2001) (denying motion to quash subpoena requesting husband's
22 employment records, because the records might suggest whether plaintiff's emotional distress
23 was caused by defendant's termination of her employment, or whether it was caused by
24 marital stress).

25 Finally, defendant argues that evidence of any complaints, grievances, or claims filed
26 by Kozup against her former employers is relevant to her credibility, state of mind, and
27 motive. Attacks on credibility by introducing evidence of prior conduct in an employment
28 setting is likely inadmissible under Rule 404(a), Fed. R. Evid. Lewin, 2010 WL 4607402,

- 3 -

at *2. However, the act of bringing prior frivolous discrimination complaints might be admissible under Rule 404(b), Fed. R. Evid. to prove motive or intent. Thus, discovery into prior complaints filed by Kozup could lead to admissible evidence. We note, however, that this information might be obtained from Kozup without imposing the expense and burden on her non-party former employers. See Fed. R. Civ. P. 45(c)(1).

We will grant plaintiff's motion for a protective order due to the overbroad nature of the subpoenas as presently drafted. However, as discussed above, some of the information sought by defendant may be relevant. We encourage the parties to confer and reach agreement as to the discovery sought by defendant, keeping in mind that some of the information might be obtained directly from Kozup.

Accordingly, **IT IS ORDERED GRANTING** plaintiff's motion to quash and/or motion for protective order (doc. 24).

DATED this 20th day of June, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge