IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Equal Employment Opportunity Commission,<br><br>          Plaintiff,<br><br>     vs.<br><br>West Sand LLC,<br><br>          Defendant. | No. CV 11-01870-PHX-FJM<br><br>**CONSENT DECREE** |

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against Evening Entertainment Group, LLC to enforce Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. West Sand LLC d/b/a Sandbar Mexican Grill ("Defendant") is the proper Defendant for this case. In the Complaint, the Commission alleged that Defendant discriminated against Ms. Keli Kozup, by subjecting her to sex and pregnancy discrimination by Defendant's employees, which created a hostile work environment because of her sex and pregnancy. This Decree does not constitute an admission of liability or wrongdoing.

Nonetheless, in the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree. The Parties do not object to the

jurisdiction of the Court over this action and waive their rights to a jury trial and the entry of findings of fact and conclusions of law.

1.   This Decree resolves all claims of the Commission against Defendant, including back pay, compensatory and punitive damages, interest and injunctive relief arising out of the issues in this lawsuit.

2.   This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person.  The entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the Commission, Defendant, and the public.

3.   This Decree, and any provision herein regarding Defendant, applies to Defendant and to its officers, agents, employees, successors, and assigns.

It is hereby ORDERED, ADJUDGED AND DECREED:

## INJUNCTION

4.   Defendant and its officers, agents, employees, successors, assigns, and all persons in active concert or participation with it, both at the time that this Decree becomes effective and for the duration of this Decree, are permanently enjoined from: (a) subjecting any employee to sex and/or pregnancy discrimination and (b) retaliating against any employee because he or she (i) opposed discriminatory practices made unlawful by Title VII, (ii) filed a charge or is assisting or participating in the filing of a charge of sex and/or pregnancy discrimination, or (iii) assisted or participated in an investigation or proceeding brought under Title VII.

## MONETARY RELIEF

5.   Defendant shall pay the gross sum of $15,000 (fifteen thousand dollars) as compensatory damages.  Within fourteen (14) days from the Court's entry of this Consent Decree, Defendant shall pay the settlement amount to Ms. Kozup at the address supplied by the EEOC by check, cashier's check, or money order. Within three (3) business days of the issuance of the funds, Defendant shall send a copy of the check or money order and

all related correspondence to the Regional Attorney of the Commission's Phoenix District Office, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

6. Defendant will not condition the receipt of individual relief on Ms. Kozup's agreement to (a) maintain as confidential the facts and/or allegations underlying her charge and complaint and the terms of this Decree; (b) waive her statutory right to file a charge with any governmental agency; (c) refrain from reapplying for a job with Defendant; or (d) agree to a non-disparagement and/or confidentiality agreement.

7. Defendant shall issue United States Internal Revenue Service Form 1099 to Ms. Kozup for the tax year during which payment is made. Ms. Kozup shall be solely responsible for paying any and all taxes which may be due and owed by her, if any, as a result of the payment set forth in Paragraph 5.

**OTHER RELIEF**

8. Defendant shall expunge from Ms. Kozup's personnel file: (a) all references to the allegations against Defendant that formed the basis of this action; (b) all references to participation in this action; and (c) any documents which relate to complaints or investigation of complaints of sex and/or pregnancy discrimination.

9. Defendant shall institute and carry out policies and practices that help assure a work environment free from sex discrimination and pregnancy discrimination and that allow employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, made unlawful by Title VII.

**NOTICE**

10. Defendant shall post for the duration of this Decree, in a prominent place frequented by its employees at the facility where Ms. Kozup worked, the Notice, attached as Exhibit A. The Notice shall be the same type, style, and size as set forth in Exhibit A.

**TRAINING**

11. Defendant shall provide training in English, and other languages as appropriate, on sex discrimination, pregnancy discrimination, and retaliation. The training shall consist of the following terms:

 A. Defendant shall retain a professional with EEO experience, either an attorney or human resource professional, as a consultant/lecturer who shall provide training to its employees located at Ms. Kozup's former place of employment and any other employee(s) with Human Resources responsibility for Defendant's Arizona locations for a period of two years from the date of this Decree, on the issue of sex discrimination, pregnancy discrimination, and retaliation. During each of the two years, the consultant/lecturer shall conduct one live training seminar. All of Defendant's employees and supervisors described above shall attend the live seminar or a videotaped showing of the live seminar each year. For the duration of this decree, new employees shall view the videotape within thirty days of commencing employment. Defendant may have duplicative videotaped seminars to accommodate staffing needs. Defendant shall be responsible for any additional costs to provide such duplicative seminars.

 B. During the first year of the Consent Decree, the training seminars shall be conducted within three (3) months of the entry of this Decree. The second training seminar shall be conducted at least six (6) months after the completion of the preceding seminar but prior to the expiration of this Decree.

 C. The training seminars shall be at least one (1) hour and include a question and answer component. Defendant's employees shall register when they attend a training seminar. The registry of attendance shall be retained by Defendant for the duration of this Decree.

 D. The seminars shall include:

(1) That sex discrimination, pregnancy discrimination, and retaliation in the hiring, firing, compensation, assignment, or other terms, conditions, or privileges of employment, violates Title VII;

(2) An explanation of what behaviors may constitute sex discrimination, pregnancy discrimination, and retaliation;

(3) How to prevent sex discrimination, pregnancy discrimination, and retaliation;

(4) How to provide a work environment free from sex discrimination, pregnancy discrimination, and retaliation;

(5) And to whom and by what means employees may complain if they feel they have been subjected to sex discrimination, pregnancy discrimination, and retaliation in the workplace. The session shall also review and explain Defendant's policies discussed in Paragraph 12 of this Decree.

E. During the live training sessions, a General Manager or Owner shall speak to the employees about the discipline that can be taken against supervisors, managers, and employees who commit acts of sex discrimination, pregnancy discrimination, or retaliation or allow sex discrimination, pregnancy discrimination, or retaliation to occur in the workplace, the importance of maintaining an environment free of sex discrimination, pregnancy discrimination, and retaliation, and Defendant's policy in regard to sex discrimination, pregnancy discrimination, and retaliation.

### POLICIES/PROCEDURES

12. Within sixty (60) days of the entry of this Decree, Defendant shall develop written policies in English and Spanish or revise existing policies, concerning sex discrimination, pregnancy discrimination, and retaliation. Defendant shall submit the policies to the Regional Attorney of the Phoenix District Office of the EEOC at the address provided in Paragraph 5 above. These written policies must include at a minimum:

   A. A strong and clear commitment to a workplace free of sex discrimination, pregnancy discrimination, and retaliation.

   B. Clear and complete definitions of sex discrimination, pregnancy discrimination, and retaliation with relevant examples.

   C. A strong and clear statement encouraging persons who believe they have been victims of sex discrimination, pregnancy discrimination, or retaliation to come forward.

   D. The identification of specific individuals, internal and external to Defendant, with their telephone numbers, to whom employees can report the sex discrimination, pregnancy discrimination, and retaliation, including a written statement that the employee may report the sex discrimination, pregnancy discrimination, and retaliation to designated persons outside their chain of management.

   E. An assurance that Defendant will investigate allegations of sex discrimination, pregnancy discrimination, and retaliation promptly, fairly, reasonably and effectively and that appropriate corrective action will be taken.

   F. An assurance that sex discrimination, pregnancy discrimination, and retaliation by all persons, including management officials, supervisors, vendors, suppliers, third parties, and customers, is prohibited and will not be tolerated.

   G. A description of the consequences, up to and including termination, that will be imposed upon violators of the policy.

   H. An assurance of non-retaliation for persons and witnesses who report to Defendant that they believe they have been subjected to unlawful discrimination.

  13. These policies shall be distributed to all of Defendant's employees within sixty (60) days of the entry of this Decree.

**REPORTING BY DEFENDANT**

14. Defendant shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office, at the address provided in Paragraph 5 above, beginning six months from the date of the entry of this Decree, and thereafter every year for the duration of the Decree, the following information: (1) a copy of the policies and any changes or modifications required in Paragraph 12 and confirmation that they were distributed to each current and new employee of Defendant; (2) confirmation that the Notice required in Paragraph 10 of this Decree was posted and the location(s) where it was posted; (3) confirmation that the expungement from Ms. Kozup's personnel files required in Paragraph 8 of this Decree took place, the date of the expungement, and the specific documents expunged; (4) the dates the live training seminars discussed in Paragraph 11 occurred and a list of those persons in attendance; and (5) the name, address, position, and telephone number of any individual who has brought allegations, whether formal or informal, of pregnancy discrimination or retaliation against any of Defendant's employees. The nature of the complaint, investigatory efforts made by Defendant, and corrective action taken, if any, shall also be specified.

**COSTS AND DURATION**

15. Each Party shall bear its costs and attorney's fees incurred in this litigation.

16. The duration of this Decree shall be twenty-four (24) months from its entry. This Court shall retain jurisdiction over this action for the duration of the Decree, during which the Commission may petition this Court for compliance with this Decree. Should the Court determine that Defendant has not complied with this Decree, the Court may order appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, an award of attorney's fees and costs, and fines for contempt of court.

17. Absent extension, this Decree shall expire by its own terms at the end of twenty-four (24) months from the date of entry without further action by the Parties.

18. The parties agree to entry of this Consent Decree and judgment subject to final approval by the Court.

Dated this 6th day of November, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

AGREED TO AS TO FORM AND CONTENT:

_____
Managing Member on Behalf of West Sand LLC d/b/a Sandbar Mexican Grill

| | |
|---|---|
| /s/ Christopher R. Houk<br>Mary Jo O'Neill, AZ Bar #005924<br>Sally C. Shanley, AZ Bar #012251<br>Christopher Houk, AZ Bar #020843<br>**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Phoenix District Office**<br>3300 N. Central Ave., Suite 690<br>Phoenix, Arizona 85012<br>Telephone: (602) 640-5049<br>Fax: (602) 640-5009<br>Email: mary.oneill@eeoc.gov<br>       sally.shanley@eeoc.gov<br>       christopher.houk@eeoc.gov<br><br>Attorneys for Plaintiff | AS TO FORM ONLY:<br><br>/s/Tracy Miller<br>Tracy Miller<br>Ogletree Deakins Nash Smoak Stewart, PC<br>2415 East Camelback Rd<br>Suite 800<br>Phoenix, Arizona 85016<br>tracy.miller@ogletreedeakins.com<br><br>Attorneys for Defendant |

EXHIBIT A
# NOTICE TO ALL EMPLOYEES

It is unlawful under federal law, Title VII of the Civil Rights Act, and state law to discriminate against an employee on the basis of race, color, national origin, sex and pregnancy, disability, age, religion, or genetic information in the recruiting, hiring, firing, compensation, assignment, or other terms and conditions of privileges of employment. Harassment on the basis of race, color, national origin, sex and pregnancy, disability, age, religion, or genetic information also violates the law. Harassment includes unwelcome verbal comments or physical conduct.  It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC or the Arizona Civil Rights Division (ACRD).

It also is against the law for any action to be taken against you by any supervisory or management official of your employer for:  (1) opposing discriminatory practices made unlawful by federal or state law; (2) filing a charge or assisting or participating in the filing of a charge of discrimination; or (3) assisting or participating in an investigation or proceeding brought under Title VII. Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or the ACRD at the addresses or telephone numbers listed above.

If you believe you have been discriminated or retaliated against, you have the right to seek assistance from:

      (1)      Equal Employment Opportunity Commission ("EEOC")
                     3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012
                     Telephone: (602) 640-5000
                     TTY: (602) 640-5072
                     Website (national): www.eeoc.gov; or

      (2)      Arizona Civil Rights Division ("ACRD")
                     of the Attorney General's Office
                     1275 W. Washington, Phoenix, Arizona, 85007
                     Telephone: (602) 542-5263
                     TDD: (602) 542-5002

Toll Free: (877) 491-5742
Toll Free TDD: (877) 624-8090